UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED OFFICE
RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

|  |  |
|---|---|
| CYNTHIA KENNEDY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| STUART M. CHASE, in his | ) |
| individual capacity, and the | ) |
| TOWN OF DANVERS, | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION NO.

05    10191    PBS

MAGISTRATE JUDGE _____

## COMPLAINT

### INTRODUCTION

1.    This is an action for damages brought by Cynthia Kennedy against the Chief of Police of the Town of Danvers Stuart Chase and the Town of Danvers for violations of the plaintiff's constitutionally guaranteed rights, along with state tort claims.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §1983 and the First and Fourth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343 for the federal questions. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367 to hear and decide claims arising under Massachusetts tort law.

## PARTIES

3.    Plaintiff Cynthia Kennedy was at all times material to this complaint a resident of the Commonwealth of Massachusetts.

4.    Defendant Stuart Chase was at all times material to this complaint the Chief of Police in the Town of Danvers. He is a citizen of the United States. His actions alleged in this Complaint were taken under color of the laws of the Commonwealth of Massachusetts and the Town of Danvers. He is sued in his individual capacity.

5.    The defendant Town of Danvers is a duly organized municipal corporation in the Commonwealth of Massachusetts and was at all times relevant to the allegations of this Complaint, the employer of defendant Chase. The Danvers Police Department ("DPD") is a department of the Town of Danvers.

## FACTS

6.    On September 29, 2003, Danvers police officer David Woytovich drove to Cynthia Kennedy's home and confronted her about an unregistered vehicle outside her home. When Ms. Kennedy tried to show the notice from the DPD to explain that she had thirty days to deal with the car, Officer Woytovich cut her off and yelled that he did not want to see any paperwork she had. He then made a derogatory comment.

7.    Officer Woytovich then threatened to arrest Ms. Kennedy for loitering in front of her home. Officer Woytovich continued to yell at Ms. Kennedy in front of her neighbors until she went inside her home.

2

8.    Several of Ms. Kennedy's neighbors heard Officer Woytovich's harassing behavior, causing her embarrassment.

9.    Later that day, Ms. Kennedy went to the Danvers police station in order to file a complaint against Officer Woytovich.

10.    When she requested that she be allowed to speak to Chief of Police Stuart Chase, the police officer behind the desk told her to wait as the Chief was in a meeting. After approximately ten minutes, Ms. Kennedy was escorted to the Chief's office.

11.    Ms. Kennedy informed Chief Chase that she would like to file a complaint against an officer who was at her house earlier in the day and attempted to explain what had happened with Officer Woytovich. Chief Chase interrupted her, questioning Ms. Kennedy's interpretation of the incident, and instructed her about Danvers Police Department policies regarding unregistered vehicles.

12.    When Ms. Kennedy tried to respond, Chief Chase became upset, yelled at her and told her that the meeting was over. He ordered her to get out of his office.

13.    Ms. Kennedy walked out into the hallway. Chief Chase followed her, grabbed her by the left upper arm, turned her to the right towards the stairs and told her to leave the police station.

14.    As Ms. Kennedy stood in Chief Chase's grip, she asked him, "Don't I have the right to file a complaint?" Chief Chase responded, "You have the right to get out of here. There's the stairs." He squeezed her arm harder.

3

15.    Ms. Kennedy told Chief Chase that he was assaulting her and told him to let go of her arm.

16.    Instead of releasing her arm, Chief Chase told her that she was under arrest. When she asked what for, he shouted back, "For trespassing!" He then dragged her by the arm, down the hallways and the stairs, to the booking desk. Ms. Kennedy was shocked. She started to cry.

17.    While Ms. Kennedy was being fingerprinted and photographed, she informed the booking officer that she wanted to file a complaint. After the booking process, a female officer provided Ms. Kennedy with a complaint form. Ms. Kennedy completed the form and gave it to the female officer who made a copy for Ms. Kennedy.

18.    After that, a police officer brought Ms. Kennedy into a holding cell. Approximately two hours later, Ms. Kennedy was released.

19.    As a result of the incident, Ms. Kennedy suffered bruises under her arm. She received medical treatment at the Beverly Hospital Emergency Room later that evening.

20.    The criminal trespassing charge was dismissed upon request of the Commonwealth at Ms. Kennedy's first court appearance the following day.

21.    Her arrest and court appearance were reported by the *Salem News*, causing her further embarrassment and public humiliation.

4

22.    The Beverly Hospital emergency room report states that Ms. Kennedy was "very upset, tearful and anxious," and she had a very mild contusion ("slight erythema") on her left arm, which was sore and tender to palpitation.

23.    Ms. Kennedy suffered severe emotional distress as a result of the incident. She sought and received treatment from a mental health specialist.

## COUNT ONE:    42 U.S.C. §1983: CHASE

24.    The above paragraphs are incorporated by reference.

25.    Defendant Danvers Chief of Police Stuart Chase arrested Ms. Kennedy without probable cause.

26.    Defendant Chase used excessive force on Ms. Kennedy, leaving bruises on her arms, and causing her to seek medical attention.

27.    Defendant Chase retaliated against Ms. Kennedy for exercising her First Amendment rights and attempting to file a complaint against a Danvers police officer and for complaining about his holding her tightly.

28.    Defendant Chase acted to discourage a citizen from filing complaints against police officers by his intimidating behavior and by falsely arresting her.

29.    Defendant Stuart Chase acted with reckless disregard for plaintiff's constitutional rights.

30.    By the actions described above, defendant Chase deprived the plaintiff of the following clearly established and well-settled constitutional rights:

1.    freedom from arrest without a warrant or probable cause;

2.    freedom from an unreasonable seizure of her person;

3.    freedom from the use of unreasonable use of force; and

4.    freedom of speech.

31.    As a direct and proximate result of this conduct, plaintiff suffered the injuries described above.

## COUNT TWO:    42 U.S.C. §1983 *Monell* Claim Against TOWN OF DANVERS

32.    The above paragraphs are incorporated by reference.

33.    As the Chief of the Danvers Police Department, defendant Chase was the final policymaker for the Town of Danvers with regard to its police department.

34.    The Town of Danvers is liable for the acts of its policymaker.

35.    Chief Chase was the final decision-maker over the arrest of an individual – *i.e.*, these decisions were not subject to any meaningful review; and this power was within the realm of his grant of authority by the Town of Danvers.

36.    As the Chief of Police of the Town of Danvers, Defendant Chase made a deliberate decision to arrest the Plaintiff rather than to assist her in filing a complaint.

37.    Chief Chase's actions directly caused the deprivation of Ms. Kennedy's rights.

38.    As a direct and proximate result of this conduct, plaintiff suffered the injuries described above.

## COUNT THREE: M.G.L. C. 12, §11I: DEFENDANT CHASE

39.    The above paragraphs are incorporated by reference.

40.    Defendant Stuart Chase threatened and intimidated Ms. Kennedy because she expressed her intent to file a complaint against a Danvers police officer.

41.    Defendant Chase assaulted Ms. Kennedy by manhandling her and grabbing her arm in an effort to threaten, intimidate and coerce her from pursuing her complaint against a police officer.

42.    Defendant Chase falsely arrested Ms. Kennedy and charged her with trespassing in an effort to threaten, intimidate and coerce her from filing a complaint against a police officer and to cover up his own misconduct.

43.    Defendant Chase deprived plaintiff of her rights by means of threats, intimidation and coercion.

44.    As a direct and proximate result of this conduct, plaintiff suffered the injuries described above.

## COUNT FOUR:    FALSE ARREST/MALICIOUS PROSECUTION: CHASE

45.    The above paragraphs are incorporated by reference.

46.    The arrest and subsequent confinement of the plaintiff was without probable cause.

47.    Defendant Chase caused criminal proceedings to be instituted against the plaintiff without probable cause and with malice as defined in state tort law.

48.   The charges did not result in any criminal conviction; rather, they terminated in plaintiff's favor when they were dismissed at the first court date upon request of the prosecution.

49.   By the actions described above, defendant Chase deprived the plaintiff of the clearly established and well-settled right to be free from unreasonable seizures.

50.   As a direct and proximate result of this conduct, plaintiff suffered the injuries described above.

## COUNT FIVE:    TORT OF ASSAULT & BATTERY: CHASE

51.   The above paragraphs are incorporated by reference.

52.   Defendant Chase committed the common law tort of assault and battery against the plaintiff.

53.   As a direct and proximate result, the plaintiff suffered the injuries as described above.

**WHEREFORE**, the plaintiffs request that this Honorable Court:

1.   Award compensatory damages;

2.   Award punitive damages against defendant Chase;

3.   Award the costs of this action, including reasonable attorney's fees to the plaintiff; and

4.   Award such other and further relief as this Court may deem necessary and appropriate.

8

## JURY DEMAND

A jury trial is hereby demanded.

RESPECTFULLY SUBMITTED,

Howard Friedman
BBO # 180080
Myong J. Joun
BBO # 645099
Jennifer L. Bills
BBO # 652223
Law Offices of Howard Friedman, P.C.
90 Canal Street, Fifth Floor
Boston, MA 02114-2022
(617) 742-4100

Date:  February 1, 2005

9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) ___Cynthia Kennedy v. Stuart M. Chase et al.___

_____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

[ ]  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

[✓] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  for patent, trademark or copyright cases

[ ]  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

[ ]  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

[ ]  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   NONE _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                    YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                                    YES [ ]    NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                    YES [ ]    NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                    YES [ ]    NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                    YES [✓]    NO [ ]

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division [✓]    Central Division [ ]    Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                    YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Howard Friedman, Myong J. Joun, and Jennifer L. Bills

ADDRESS  90 Canal Street, 5th Floor; Boston, MA 02114-2022

TELEPHONE NO.  (617) 742-4100

%JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Cynthia Kennedy

Essex

**DEFENDANTS**

Stuart M. Chase, in his individual capacity and the Town of Danvers

Essex

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Howard Friedman, Myong J. Joun, and Jennifer L. Bills
Law Offices of Howard Friedman, P.C.
90 Canal Street, 5th Floor, Boston, MA 02114  (617) 742-4100

Attorneys (If Known)

05  10191  RCL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This action is brought pursuant to 42 U.S.C. §§1983 and the First and Fourth Amendments to the United States Constitution.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)

JUDGE _____  DOCKET NUMBER _____

DATE  February 1, 2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____