UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA KENNEDY<br>　　　PLAINTIFF<br><br>vs.<br><br>STUART M. CHASE, in his individual capacity<br>　　and the TOWN OF DANVERS<br>　　　Defendants. | Civil Action No. 05 10191 RCL |

## DEFENDANTS' ANSWER TO PLAINITFF'S COMPLAINT

### INTRODUCTION

1.　The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

### JURISDICTION

2.　The allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

### PARTIES

3.　The defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.　The defendants state that defendant, Chase, was at all times relevant to the complaint, the Chief of Police of the Town of Danvers and he was a citizen of the United States. The defendants admit that he was acting under the color of state law in his interactions with the plaintiff. The defendants state that the remaining sentence of this paragraph of the complaint states a conclusion of law to which the defendants need not respond.

5.　The defendants admit the allegations contained in this paragraph.

### FACTS

**COUNT ONE: 42 U.S.C. §1983: CHASE**

6. The defendants state that on September 29, 2003, Danvers police officer David Woytovich was near the plaintiff's home and had an interaction with the plaintiff regarding an unregistered motor vehicle outside her home. The defendants deny the remaining allegations of the plaintiff's complaint.

7. The defendants deny the allegations contained in this paragraph.

8. The defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. The defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. The defendants admit that the plaintiff was brought to the police chief's office to meet with him.

11. The defendants admit that during her conversation with the police chief, the plaintiff indicated she wished to file a complaint against the police officer. The defendants deny the remaining characterization of the conversation.

12. The defendants deny the allegations contained in this paragraph.

13. The defendants deny the allegations contained in this paragraph.

14. The defendants deny the allegations contained in this paragraph.

15. The defendants admit that at some point during her interaction, the plaintiff accused the police chief of assaulting her.

16. The defendants deny the allegations contained in this paragraph.

17. The defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. The defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. The defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. The defendants admit the allegations contained in this paragraph.

21. The defendants admit that there was story in the Salem Evening News regarding the incident. The defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

22. The defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23.     The defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### COUNT ONE:     42 U.S.C. §1983: CHASE

24.     The defendants reassert their responses to paragraphs 1 through 23 of this Answer as if fully repeated and realleged herein.

25.     The defendants deny the allegations contained in this paragraph.

26.     The defendants deny the allegations contained in this paragraph.

27.     The defendants deny the allegations contained in this paragraph.

28.     The defendants deny the allegations contained in this paragraph.

29.     The defendants deny the allegations contained in this paragraph.

30.     The defendants deny the allegations contained in this paragraph.

31.     The defendants deny the allegations contained in this paragraph.

### COUNT TWO:     42 U.S.C. §1983: *MONELL* CLAIM
### AGAINST TOWN OF DANVERS

32.     The defendants reassert their responses to paragraphs 1 through 31 of this Answer as if fully repeated and realleged herein.

33.     The defendants deny the allegations contained in this paragraph.

34.     The defendants deny the allegations contained in this paragraph.

35.     The defendants deny the allegations contained in this paragraph.

36.     The defendants admit that defendant Chase made the determination that the plaintiff should be arrested. The defendants deny that he refused to assist her in filing a complaint.

37.     The defendants deny the allegations contained in this paragraph.

38.     The defendants deny the allegations contained in this paragraph.

### COUNT THREE:    M.G.L. C. 12, §11I: DEFENDANT CHASE

39.     The defendants reassert their responses to paragraphs 1 through 38 of this Answer as if fully repeated and realleged herein.

40.     The defendants deny the allegations contained in this paragraph.

41. The defendants deny the allegations contained in this paragraph.

42. The defendants deny the allegations contained in this paragraph.

43. The defendants deny the allegations contained in this paragraph.

44. The defendants deny the allegations contained in this paragraph.

**COUNT FOUR:    FALSE ARREST/MALICIOUS PROSECUTION: CHASE**

45. The defendants reassert their responses to paragraphs 1 through 44 of this Answer as if fully repeated and realleged herein.

46. The defendants deny the allegations contained in this paragraph.

47. The defendants deny the allegations contained in this paragraph.

48. The defendants admit that the criminal charges against the plaintiff did not result in a criminal conviction. The defendants state the remaining allegations contained in this paragraph state a conclusion of law to which the defendants need not respond.

49. The defendants deny the allegations contained in this paragraph.

50. The defendants deny the allegations contained in this paragraph.

**COUNT FIVE:    TORT OF ASSAULT & BATTERY: CHASE**

51. The defendants reassert their responses to paragraphs 1 through 50 of this Answer as if fully repeated and realleged herein.

52. The defendants deny the allegations contained in this paragraph.

53. The defendants deny the allegations contained in this paragraph.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

By way of affirmative defense, the defendants say that the action is barred by the applicable statute of limitations.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

By way of affirmative defense, the defendant states that its actions are immune from suit as they were discretionary functions.

## FOURTH DEFENSE

By way of affirmative defense, the defendant states that the defendant's actions are entitled to qualified good faith immunity.

## JURY CLAIM

The defendants claim a trial by jury as to all issues properly triable to a jury.

> Respectfully submitted,
> Defendants,
> By its attorney,
>
> /s/ Leonard H. Kesten
> Leonard H. Kesten, BBO No. 542042
> Brody, Hardoon, Perkins & Kesten, LLP
> One Exeter Plaza, 12th Floor
> Boston, MA 02116
> (617) 880-7100

Dated: April 19, 2005