UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA KENNEDY,<br><br>    Plaintiff,<br>v.<br><br>STUART M. CHASE, in his individual capacity, and the TOWN OF DANVERS,<br><br>    Defendants. | CIVIL ACTION NO. 05-10191-GAO |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, the Defendants request that the Court instruct the jury as follows:

### Arrest Without Probable Cause

1. The Plaintiff alleges that the Defendant Police Chief Stuart Chase arrested her without probable cause in violation of her civil rights. Under the Fourth Amendment of the United States Constitution, probable cause exists if "the facts and circumstances within [a police officer's] knowledge and of which [the officer] had reasonably trustworthy information [are] sufficient in themselves to warrant a [person] of reasonable caution" to believe that a crime has been committed or is being committed. Alexis v. McDonald's Restaurants of Massachusetts, Inc. 67 F. 3d 341 (1st Cir. 1995) quoting Carroll v. United States, 267 U.S. 132 (1925); United States v. Drake, 673 F. 2d 15 (1st Cir. 1982).

2. The "probable cause" analysis entails " 'an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time' and not [an assessment of] the officer's state of mind at the time the challenged action was taken." Id. (quoting Maryland v. Macon, 472 U.S. 463 (1985) and Scott v. United States, 436 U.S. 128 (1970) ).

3. Probable cause will be found if "the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the [person being arrested] had committed or was committing an offense." Id. quoting Rivera v. Murphy, 979 F. 2d 259 (1st Cir. 1992).

4. The quantum of evidence necessary to support probable cause must satisfy only this objective standing, and is not required that the evidence rise to the same level as would be needed to sustain a conviction for the same offense. <u>Noel v. Town of Plymouth</u>, 895 F. Supp. 346 (D.Mass. 1995) quoting <u>United States v. Cruz Jimenez</u>, 894 F. 2d 1,4 (1st Cir. 1990).

5.  While an arresting officer's subjective knowledge of facts sufficient to constitute probable cause is central to an evaluation of the propriety of an arrest, the officer's view of the legal basis for the arrest is not important. Id. The issue is whether a reasonably competent police officer with knowledge of the facts actually known by the arresting officer, could have concluded that probable cause existed to arrest for the offense offered as justification.

**Massachusetts General Laws**

6. Chapter 266, § 120 of the Massachusetts General Laws "Trespass Statute" provides as follows:

> "Whoever, without right enters or remains in or upon the dwelling house, buildings, boats, or improved or enclosed land, wharf or pier of another, after having been forbidden so to do by the person who has the lawful control of said premises, . . . shall be punished by a fine of not more than one hundred dollars or by imprisonment for not more than thirty days or both such fine and imprisonment."
>
> "A person who is found committing such trespass may be arrested by a sheriff, deputy sheriff, constable or police officer and kept in custody in a convenient place, not more than twenty four hours[.]"

7. I instruct you that as the Chief of the Danvers Police Department, Stuart Chase had lawful control of the Chief's office in the Danvers Police Station and I further instruct you that if you find that Stuart Chase ordered Ms. Kennedy to leave his office, and she refused to do so, probable cause then existed to place her under arrest for trespassing..

**<u>First Amendment</u>**

8. In order to prevail in her claim of violation of the First Amendment of the Constitution, Cynthia Kennedy bears the burden of showing, by a preponderance of the evidence, that her request to file a complaint against another Danvers police officer was a substantial motivating factor in Chief Chase's decision to arrest her for trespass. Put differently, in order to prevail on her claim that her rights as secured by the First Amendment were violated, Ms. Kennedy must prove by a preponderance of the evidence that Chief Stuart Chase's decision to arrest Ms. Kennedy for trespass was substantially motivated by his desire to quash her right to speak critically of Officer Woytovich.

9. The plaintiff has a constitutionally protected right to complain about the actions of a police officer, however, she does not have a protected right to fill out a complaint form in the office of the Police Chief. Thus, if you find that the evidence shows that the arrest was motivated by the plaintiff's refusal to leave the office, and not by the content of her speech, then you must find for the defendant.

Respectfully submitted,
The Defendants,
STUART CHASE, and TOWN OF DANVERS, MASSACHUSETTS,
By their attorney,

/s/ Leonard H. Kesten
Leonard H. Kesten, B.B.O. No.: 542042
Peter E. Montgomery, B.B.O. No.: 632698
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza, 12th Floor
Boston, MA  02116
(617) 880-7100

Dated: September 11, 2006