UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA KENNEDY,<br><br>    Plaintiff,<br><br>v.<br><br>STUART M. CHASE, in his individual capacity, and the TOWN OF DANVERS<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-10191-GAO<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed.R.Civ.P. 51, plaintiff requests that the Court instruct the jury on the law as set forth in the following separately numbered proposed jury instructions.

RESPECTFULLY SUBMITTED,
Plaintiff Cynthia Kennedy,
By her attorney:

/s/ Howard Friedman

Howard Friedman
BBO #180080
Myong J. Joun
BBO #645099
**Law Offices of Howard Friedman**
90 Canal Street, 5th Floor
Boston, MA 02114-2022
(617) 742-4100

**1.**                              **CREDIBILITY OF WITNESSES**

It is an important part of your job as jurors to decide what testimony you believe. You may accept all the testimony of a witness, accept part of the testimony and reject other parts, or you may reject all of the testimony.

In making that decision, I suggest that you ask yourself a few questions: Did the person seem honest? Did he or she have some reason not to tell the truth? Did he or she have an interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness recall events differently at trial than he or she did at an earlier time. Did the witness have the opportunity and was the witness able to observe accurately the things he or she testified about? Did he or she seem to understand the questions and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? Was the witness's testimony on cross-examination different from the testimony given on direct examination?

These are some, but of course not all, of the kinds of things that will help you decide how much weight to give to what each witness said. You may also consider any demonstrated bias, prejudice or hostility of a witness in deciding what weight to give to the testimony of that witness. You may consider inconsistencies or differences as you weigh evidence, but you do not have to discredit testimony merely because there are inconsistencies or differences in the testimony of a witness, or between the testimony of different witnesses. Two or more persons witnessing an incident or a transaction may see or hear it differently. An innocent misrecollection or failure of recollection, is not an uncommon experience. In weighing the effect of any inconsistency or difference, consider whether it concerns a matter of importance or an unimportant detail, and whether it results from innocent error or intentional falsehood.

You are not required to accept testimony, even if it is uncontradicted. You may decide, because of the witness's bearing and demeanor, or because of inherent improbability, or for other reasons sufficient to you, that some testimony is not worthy of belief. The mere number of witnesses or length of the testimony or amount of exhibits has no bearing on the weight you give to evidence. Weight does not mean the amount of the evidence. Weight means your judgment about the credibility and importance of the evidence.

**Testimony of police officers**

The testimony of a police officer should be considered by you the same way you consider any other evidence in this case. In evaluating a police officer's credibility, you should use the same guidelines which you apply to the testimony of any witness. You should not give either greater or lesser weight to the testimony of a witness merely because he is a police officer. This case should be considered and tried by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar interest in life. All persons stand equal before the law, and must be considered as equals in a court of justice. The testimony of a police officer carries no greater weight than that of any other citizen.

Roberts v. Hollocher, 664 F.2d 200 (8th Cir. 1981); Darbin v. Nourse, 664 F.2d 1109 (9th Cir. 1981); Kerr v. City of Chicago, et al., 424 F.2d 1134, 1138 (7th Cir. 1970); Bush v. United States, 375 F.2d 602, 605 (D.C.Cir., 1967).

**2.**                                              **VIOLATION OF §1983**

Cynthia Kennedy filed this action in part under a federal law United States Code, Title 42, Section 1983, which gives a person the right to bring a lawsuit in federal court for a violation of a constitutional right by a police officer. Ms. Kennedy must prove two things to establish a violation of this law:

   a.   that Stuart Chase acted under color of law;

   b.   that Mr. Chase violated one or more of Ms. Kennedy constitutional rights;

"Acting under color of law" simply means acting as a police officer. In this case, the parties agree that the defendant Stuart Chase was acting under color of law. The issue for you to decide is whether the defendant violated a constitutional right.

The plaintiff may establish her claim of unconstitutional arrest in either of two ways. First, the plaintiff may prove that the content of her speech or the fact that she wanted to file a complaint against a police officer were a substantial or motivating factor in the decision to arrest her. Second, she may prove that the arrest violated the Fourth Amendment because the defendant did not have probable cause for the arrest. I will specifically instruct you on the law governing the plaintiff's First and Fourth Amendment claims.

**No Specific Intent Required**

It is not necessary to find that the Mr. Chase specifically intended to deprive Ms. Kennedy of his civil rights, or that Mr. Chase acted with malice or ill will in order to find for Ms. Kennedy on a civil rights claim.

Title 42 U.S.C. §1983; Gomez v. Toledo, 446 U.S. 635 (1980); Torres Ramirez v. Bermudez Garcia, 898 F.2d 224, 227 (1st Cir. 1990); Parratt v. Taylor, 101 S.Ct. 1908 (1981); Monroe v. Pape, 365 U.S. 167 (1961).

**3.**             **FIRST AMENDMENT**

Many of you may be aware that the First Amendment of the United States Constitution provides us with the right to free speech; in addition, another part of the same amendment also provides us with the right to petition the government for a redress of grievances. Ms. Kennedy says that when Mr. Chase arrested her, he violated both her right to freedom of speech and her right to petition the government. A violation of either right would be a violation of Ms. Kennedy's civil rights under the First Amendment.

**Right to Petition the Government**

The right to petition the government for redress of grievances has been called "a right that strikes to the heart of the democratic philosophy ..." *Adderley v. Florida*, 385 U.S. 39, 49 (1967) (Douglas dissenting) (explaining C. 61 of the Magna Carta). This right includes the right to formally complain to public officials, such as the police, about their actions. If someone files a complaint, the public official is not allowed to retaliate against that person for making that complaint.

Mr. Chase says he arrested Ms. Kennedy for trespass because she refused a lawful order to leave the police station. Ms. Kennedy had the right to file a complaint with the Danvers police department about her experience with the Danvers police officers. If Ms. Kennedy was at the Danvers police station speaking with Mr. Chase in order to file a complaint about conduct by a Danvers police officer, then she was exercising her right to petition the government for a redress of her grievance. Mr. Chase could not legally arrest Ms. Kennedy for remaining at the police station in order to make a complaint. If you find that Mr. Chase did this, then Ms. Kennedy's right to petition the government was violated.

If you find that Ms. Kennedy's attempt to file a complaint concerning the Danvers police

department was the *determining* or *motivating* factor which resulted in Mr. Chase placing her under arrest, you should find for Ms. Kennedy on this claim. Ms. Kennedy does not need to show that her complaint was Stuart Chase's only motive in the arrest. Even if other reasons existed to arrest Ms. Kennedy, if the determining or motivating factor behind the arrest was Ms. Kennedy's attempt to file a complaint, then Mr. Chase must be found liable.

If you find it more likely than not that Ms. Kennedy's attempt to file a complaint was the determining or motivating factor for Mr. Chase in making the arrest, then you will need to determine the amount of harm, if any, Ms. Kennedy suffered as a result of the arrest.

**Freedom of Speech**

The First Amendment also protects the right of every person to speak his or her mind, free from government censorship or sanction. This includes a right to verbally criticize police officers. A person cannot be arrested for criticizing a police officer. The First Amendment to the United States Constitution guarantees the right of any person to peacefully speak with respect to any issue. Disagreeing or arguing with a police officer is permissible under the First Amendment. The First Amendment protects a significant amount of verbal criticism, challenges, and even profanity directed at police officers. The freedom of individuals verbally to oppose police action without risking arrest is one of the principal characteristics by which we distinguish a free society from a police state.

Before the plaintiff can establish that her actions were protected by the First Amendment, you, the jury, must determine what the plaintiff said or did to express herself. You have heard evidence regarding the speech the plaintiff claims to have engaged and the actions in which the defendants claim she was engaged. You must now consider that evidence as a whole, in the light of your reason and experience, and decide what, if anything, the plaintiff said or did to express herself.

You may decide that the plaintiff engaged in all of the acts she claims to have engaged in, some of those acts, or none of the acts at all, or in some, all, or none of the acts claimed by the defendants. Whether the plaintiff said or did anything to express herself is a question of fact for you, the jury, to decide.

There is no question that plaintiff was arrested by Mr. Chase on the misdemeanor charge of trespass. [I will instruct you on the elements of trespass in a few minutes.]

If you find that the plaintiff, while in a public place, engaged in peacefully expressing her view complaining about the actions of a Danvers police officer, then, as a matter of law, I instruct you that the peaceful expression of her view is protected by the First Amendment.

The question here is whether Ms. Kennedy was arrested because of the content of her speech, in other words, because Stuart Chase did not want to hear criticism of another police officer; if so, Ms. Kennedy's right to free speech was violated.

For you to find in Ms. Kennedy's favor on this claim, she must prove it is more probable than not that she was arrested because of her speech. If you find that Ms. Kennedy's criticism of the police was the *determining* or *motivating* factor which resulted in Mr. Chase placing her under arrest, you should find for Ms. Kennedy on this claim. Ms. Kennedy does not need to show that her speech was Mr. Chase's *only* motive in the arrest. Even if other reasons existed to arrest Ms. Kennedy, if the determining or motivating factor behind the arrest was Ms. Kennedy's speech, then Mr. Chase must be found liable.

If you find it more likely than not that Ms. Kennedy's speech was the determining or motivating factor for Mr. Chase in making the arrest, then you will need to determine the amount of harm, if any, Ms. Kennedy suffered as a result of the arrest.

Petition cites:

United Mine Workers, Dist. 12 v. Ill. State Bar Ass'n, 389 U.S. 217, 222 (1967); Powell v. Alexander, 391 F.3d 1 (1st Cir. 2004); Gagliardi v. Village of Pawling, 18 F.3d 188, 194-95 (2nd Cir.1994); Nicholson v. Morran, 835 F.Supp. 692, 695 (D.R.I. 1993).

Freedom of Speech Cites:

Houston v. Hill, 482 U.S. 451 (1987); Tatro v. Kervin, 41 F.3d 9 (1st Cir. 1994); Veiga v. McGee, 26 F.3d 1206 (1st Cir. 1994); Mullen v. Town of Falmouth, 1995 WL 464913 (D. Mass.)

**4.**  **FALSE ARREST: FOURTH AMENDMENT**

The Fourth Amendment of the United States Constitution provides that a person has the right to be free from unreasonable seizures by the police. An arrest is considered a "seizure" within the meaning of the Fourth Amendment. Under the Fourth Amendment an arrest may be made only when a police officer has probable cause to believe that the person arrested has committed a crime. An arrest without probable cause is an unreasonable seizure. Ms. Kennedy claims that she was arrested without probable cause.

The parties agree that Ms. Kennedy was placed under arrest by Mr. Chase on September 29, 2003. The issue you must decide on the false arrest claim is whether the plaintiff's arrest on September 29, 2003 was lawful. Whether the arrest was lawful depends upon whether Mr. Chase had probable cause to believe that Ms. Kennedy was committing the offense of trespass. In this case, Mr. Chase did not have an arrest warrant. Whether the arrest was lawful depends upon whether the defendant Mr. Chase had "probable cause" to believe that the plaintiff was committing or had committed an offense or a crime.

Probable cause exists where, at the time of the arrest, the facts and circumstances within the officer's knowledge are enough to warrant a police officer of reasonable prudence to believe that the individual to be arrested has committed or is committing an offense. Probable cause is determined by the objective standard, that of a reasonable police officer. The officer's subjective motivation is irrelevant to the determination of probable cause. This determination is made on the basis of the totality of the circumstances viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest.

Mr. Chase claims that he had probable cause to arrest Ms. Kennedy for the crime of trespass.

If you find that at the time Mr. Chase arrested Ms. Kennedy, he did not have probable cause to believe that Ms. Kennedy had committed the crime for which she was arrested, you must find that Mr. Chase violated Ms. Kennedy's constitutional right to be free from arrest without a warrant or probable cause. In order to make this determination, you need to know the definition of trespass under Massachusetts law.

The law of trespass in Massachusetts says that if someone enters or remains on another's property *without right*, after having been forbidden to be there by a person who has lawful control, then they can be punished for trespassing. Mass. Gen. Laws ch. 266, § 120. If a person has a legal right to remain on the property, then they are not committing the crime of trespass, even if they are told to leave. Here the plaintiff says that she had a constitutional right to remain at a police station to petition the government for redress of grievances, by filing a complaint about the conduct of a Danvers police officer.

In order to have probable cause to arrest Ms. Kennedy, Mr. Chase needed to have had probable cause to believe both that Ms. Kennedy refused to leave the police station when asked and that she did not have a right to remain at the police station when he asked her to leave.

Ms. Kennedy says that she was leaving the police chief's office when he grabbed her arm. If you find that Ms. Kennedy did attempt to leave the police station when requested to do so by Mr. Chase, then you must find that Mr. Chase did not have probable cause to arrest her.

There is also evidence in this case from which you could find that Ms. Kennedy wished to remain at the police station so that she could file a complaint about the conduct of Danvers police officers. Ms. Kennedy had a constitutional right to petition the government for redress of grievances as I will explain to you later. If you find that Ms. Kennedy had not had the opportunity to file a

complaint about the conduct of the Danvers police officer before she was asked to leave the Danvers police station, then you must find that Mr. Chase did not have probable cause to arrest Ms. Kennedy on the charge of trespass.

If you find that Mr. Chase arrested Ms. Kennedy without probable cause, then you must determine the damages she suffered as a result.


Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225 (1964); Brinegar v. United States, 338 U.S. 160, 176-77 (1949); United States v. Figueroa, 818 F.2d 1020, 1023 (1st Cir. 1987); Wagenmann v. Adams, 829 F.2d 196, 206 (1st Cir. 1987); Herzog v. Village of Winnetka, 309 F.3d 1041, 1044 (7th Cir. 2002); Williamson v. Mills, 65 F.3d 155, 158-59 (11th Cir.1995); Commonwealth v. Storey, 378 Mass. 312, 321, 391 N.E.2d 898 (1979), cert. denied, 446 U.S. 955, 100 S.Ct. 2924 (1980); Commonwealth v. Franco, 419 Mass. 635, 639, 646 N.E.2d 749, 752 (1995).
Alexis v. McDonald's Restaurants, 67 F3d 341 (1st Cir. 1995); Hurley v. Hinckley, 304 F.Supp. 704, 710 (D.Mass. 1969) ("As used in the trespass statute, the words without right expressly save constitutional rights."); Strahan v. Frazier, 156 F.Supp.2d 80 (D. Mass. 2001).

**5.**     **CAUSATION AND INJURIES**

I will now define "cause" for you as it is used in these instructions. This definition applies as well to associated words such as "caused" or "causing" and also to "result", "resulted" and "resulting."

Injury of any kind, including emotional distress, results from and is caused by an act if the injury would not have occurred but for the act, and the injury was a natural and probable consequence of the act. Thus, applying this definition together with the instructions I have given you about burden of proof and preponderance of evidence, you will find that injury results from and is caused by an act if you find from a preponderance of the evidence that the injury would not have occurred but for the act and was a natural and probable consequence of the act.

Of course, an injury may have more than one cause. If you find that there are two or more causes, as I have defined it, of the plaintiff's injury, then I instruct you that each of them caused Ms. Kennedy's injury, and if one of the causes is attributable to Mr. Chase, then he is liable for damages.

In determining whether the defendant's conduct caused an injury, you should decide whether it was a *substantial factor* in bringing about the harm suffered by Ms. Kennedy. When more than one factor contributes to producing the harm, each is legally a cause if it is a *substantial factor* in causing the harm. Ms. Kennedy does not need to prove it was the sole cause. An injury is proximately caused by an act if you find from a preponderance of the evidence in the case that the injury would not have occurred but for the act and that the injury was a natural and probable consequence of the act.

In deciding causation for an injury, the law says that a defendant "takes the plaintiff as he finds her." This means that if a plaintiff's physical condition is particularly sensitive so that force

that would only cause a minor injury to a normal person causes a more serious injury to the plaintiff, the defendant is legally responsible for the entire injury. Sometimes this is called the "eggshell plaintiff" rule. For example, if the defendant unlawfully touches the plaintiff's head with force that would not hurt most people, but because the plaintiff has an eggshell skull it causes a fractured skull, the defendant is responsible for all of the harm caused by the touching.

I instruct you that "[i]t is as if a magic circle were drawn about the person, and one who breaks it, even by so much as a cut on the finger, becomes liable for all resulting harm to the person, although it may be death." Figueroa-Torres v. ToledoDavila, 232 F.3d 270, 275-276 (1st Cir. 2000) "The defendant of course, is liable only for the extent to which the defendant's conduct has resulted in an aggravation of the pre-existing condition, and not for the condition as it was: but as to the aggravation, forseeability is not a factor**.**" Figueroa-Torres v. ToledoDavila, 232 F.3d 270, 275-276 (1st Cir. 2000).

In other words, if Ms. Kennedy had a pre-existing condition that made her more sensitive than the average person to stress and as a result of Mr. Chase's unlawful conduct Ms. Kennedy suffered a more severe injury than the average person would have suffered, Mr. Chase is responsible for the harm that resulted from his actions even if it is greater than one might expect.

In this case, if you find by a preponderance of the evidence that Mr. Chase caused an injury to Ms. Kennedy, you must award her damages to compensate for those injuries regardless of whether an average person would have suffered less of an injury.


 Turner v. Page, 186 Mass. 600, 602 (1904).

**6.                         DETERMINING DAMAGES**

  Compensatory damages are designed to compensate the plaintiff for the injuries she suffered. If you find that Mr. Chase violated Ms. Kennedy's constitutional rights, you will then determine an amount which will, in your judgment, provide full, just and reasonable compensation for all Ms. Kennedy's damages caused by that conduct. You may award only the damages that you find by a preponderance of the evidence were caused by constitutional violations. It is not necessary for Ms. Kennedy to prove the amount of her damages with certainty. On the other hand, you must base your award on the evidence presented.

  The injuries you may award damages for include:

  1. Expenses that resulted from this incident, including hospital bills, doctor's bills, mental health treatment bills, medications, and other medical expenses.

  2. An amount for any pain and suffering, fear, humiliation, indignity, or mental anguish that you find that Ms. Kennedy suffered during the incident, and effects she continued to suffer after the incident, as well as any emotional harm that Ms. Kennedy will suffer in the future. Even though it is difficult to measure these injuries, that difficulty can not keep you from awarding damages. You must, therefore, make the best estimate you can, not from a personal point of view but from a fair and impartial point of view of the amount of pain and suffering, emotional distress and humiliation that Ms. Kennedy incurred or will incur as a result of the defendant's conduct. You must place a money value on this, attempting to come to a conclusion that will be fair and just to the parties. This will be difficult for you to measure in terms of dollars and cents, but there is no other rule I can give you for assessing this element of damages.

**Nominal damages**

If you find that Ms. Kennedy has proven by a preponderance of the evidence that Mr. Chase violated her constitutional rights but that she has not proven any actual injury caused by the violation, you must still award Ms. Kennedy some small amount of damages.  This is because the law requires that if someone has had their constitutional rights violated, that violation should be recognized by the law, regardless of whether actual damages have been proven.

Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Nolan & Santorio, 37 Massachusetts Practice:  Tort Law: §242 (2d ed. 1989);  Motes v. Myers, 810 F.2d 1055, 1066 (11th Cir. 1987); Wagenmann v. Adams, 829 F.2d 196, 215-16 (1st Cir. 1987); Hall v. Ochs, 817 F.2d 920, 927-28 (1st Cir. 1987).

**Determining Damages Without Prejudice**

You are to decide compensatory damages based on evidence regarding the harm to the plaintiff without regard to the defendant's finances or your personal likes or dislikes.  Your decision on compensatory damages should reflect only your determination of the amount of money necessary to compensate plaintiff for the injury. Prejudice for or against either party has no place in such a decision.

You should decide this case on the evidence presented at the trial, you should not take into account any consequences of a damages verdict.

Larez v. Holcomb, 16 F.3d 1513, 1519, 1521 (9th Cir. 1994); Figueroa-Torres v. Toledo-Davila, 232 F.3d 270, 276 (1st. Cir. 2000).

**Punitive Damages**

If you find that Mr. Chase violated Ms. Kennedy's civil rights, you must decide whether Ms. Kennedy is entitled to the award of any punitive damages against Mr. Chase.  You may

consider whether acts of Mr. Chase, if you find them to have been proved, were so serious that Mr. Chase should pay a penalty. You may also award punitive damages so that in the future, others will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be based on whether you find that Mr. Chase engaged in conduct that showed reckless disregard for whether or not he was violating Ms. Kennedy's rights.

If you find this to have been proven, then you may award punitive damages. There are two purpose of punitive damages: punishment of the individual and deterrence of others from committing similar acts. In deciding whether to award punitive damages and in setting the amount of these damages, the jury acts as the conscience of the community. In setting the amount of punitive damages, it is appropriate for you to consider factors including the behavior of the defendant at trial and his apparent lack of genuine repentance for the misconduct in question, if you find such to be the case. In awarding punitive damages you may consider the deterrent effect a verdict for punitive damages will have.

Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990); Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).

**7.**                                              **INTEREST**

If you have determined that compensatory damages should be awarded to the plaintiff, you must also decide whether to award interest. You may award interest on the sum that you have decided is an appropriate compensatory damage award. Whether you award interest should depend on whether you conclude that interest is necessary to compensate Ms. Kennedy fully for any injury that she has suffered, bearing in mind that she has not had the use of the damages you award during the time this litigation has been pending. If you award interest, interest will be computed by the clerk at the rate provided by law.

Furtado v. Bishop, 604 F.2d 80 (1st Cir. 1980).