UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA KENNEDY, )<br>  )<br>  Plaintiff, )<br>v. )<br>  )<br>STUART M. CHASE, in his )<br>individual capacity, and the )<br>TOWN OF DANVERS, )<br>  )<br>  Defendants. ) | CIVIL ACTION NO. 05-10191-RCL |

**PLAINTIFF'S TRIAL MEMORANDUM**

Plaintiff submits this memorandum to bring two legal issues to the Court's attention for resolution before trial of the above-captioned matter.

**Massachusetts Civil Rights Act Claim**

In order to eliminate jury confusion on this issue, the parties agree to stipulate that a jury verdict finding a violation of § 1983 will also entitle Plaintiff Kennedy to all damages due to her under MGLA 12 § 11I. See Daley v. Harber, 234 F.Supp.2d 27, 31-32 (D.Mass. 2002) ("Direct physical restraint such as an arrest is in itself 'intimidation and coercion' for purposes of the MCRA."); see also, Planned Parenthood League of Massachusetts, Inc. v. Blake, 417 Mass. 467, 473 (1994) (holding under Massachusetts law, if individual's enjoyment of a federal or state constitutional right is interfered with by direct action which includes threats, intimidation or coercion, liability under Massachusetts Civil Right Act (MCRA) is also established.)  Because both parties agree that Plaintiff Kennedy was arrested on September 29, 2003 at the Danvers Police Station by Defendant Stuart Chase, if Plaintiff Kennedy is successful in showing that the

arrest was made in violation of her First and/or Fourth Amendment rights, then such arrest would amount to an interference of those rights by intimidation and coercion for the purposes of the MCRA.  As such, the parties agree that if the jury finds in favor of the Plaintiff on any § 1983 claim, then the Plaintiff will have also met the standard for proving a violation of the MCRA.

**Municipal Liability Claim**

It is Plaintiff's view that the act of the Chief of Police as policy maker renders the Town liable for his constitutional violation. Under 42 U.S.C. § 1983, Plaintiff Kennedy can establish municipal liability for the Town of Danvers if she can show that her injury resulted from "an officially sanctioned policy or custom" of the town.  Putnam v. Town of Saugus, Massachusetts, 365 F.Supp.2d 151, 178 (D.Mass. 2005, J. Young); Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). In certain circumstances, "municipal liability may be imposed for a single decision by municipal policymakers."  Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986).   In order for such policy or custom to be established by a single decision of a municipal official, the official must be acting pursuant to his decision-making authority.  Putnam, 365 F.Supp.2d at 179.  Furthermore, "the decision-maker must have *final* policymaking authority regarding the matter decided."  365 F.Supp.2d at 182 n.18.  Where these criteria are met, however, "the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly," and denying compensation to the victim in such circumstance would "be contrary to the fundamental purpose of § 1983."  Pembaur, 475 U.S. at 481.

In order for Plaintiff Kennedy to succeed on a municipal liability claim against the Town of Danvers, she must establish that Defendant Chase was an authorized decision maker with final

policymaking authority, who was acting pursuant to that authority when he violated her constitutional rights.  Defendant Chase admits that he was the "policy maker" for the Danvers police force at the time that Plaintiff Kennedy went to the Danvers Police Station to make a complaint about Officer Woytovich.  Therefore, if Plaintiff Kennedy succeeds on her claim that Defendant Chase violated her First and Fourth Amendment rights during the incident at issue, then the Town of Danvers can be held liable for this act.

                RESPECTFULLY SUBMITTED,

                /s/ Howard Friedman

                _____
                Howard Friedman
                BBO #180080
                Myong J. Joun
                BBO #645099
                Jennifer L. Bills
                BBO #652223
                **Law Offices of Howard Friedman**
                90 Canal Street, Fifth Floor
                Boston, MA 02114-2022
                (617) 742-4100

## **CERTIFICATE OF SERVICE**

      I certify that on this day a true copy of the above document was served upon the attorney of record for each party by hand.

Date: September 11, 2006  /s/ Howard Friedman
_____  _____